UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24641-CV-MIDDLEBROOKS/OTAZO-REYES

JERRY MEANS,

    Plaintiff,

v.

M. REYES-BIVINS, *et al.*,

    Defendants.

_____/

**REPORT OF MAGISTRATE JUDGE**

THIS CAUSE came before the Court upon *Pro se* Plaintiff Jerry Means' ("Plaintiff" or "Means") Second Amended Complaint for Violation of Civil Rights (Prisoner Complaint) (hereafter, "Second Amended Complaint") [D.E. 12]. Therein, Plaintiff asserts claims against Mark S. Inch, Secretary of the Florida Department of Corrections ("Secretary Inch"); A. Tejada, Supervisor of Food Service ("Supervisor Tejada"); Correctional Officers M. Reyes-Bivins ("Officer Reyes-Bivins"), V. Veargis ("Officer Veargis"), and V. Williams ("Officer Williams"); and Doctors C. Marius ("Dr. Marius") and F. Papillon ("Dr. Papillon") in their individual capacities. Id. at 3-6. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Donald M. Middlebrooks, United States District Judge [D.E. 6]. Because Plaintiff was a prisoner at the time he filed the Second Amended Complaint and is proceeding *in forma pauperis* [D.E. 5], the Second Amended Complaint is screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007). As a result of this screening, the undersigned respectfully recommends that Plaintiff's Second Amended Complaint be dismissed on the following grounds: for failure to comply with the

undersigned's Order to Amend [D.E. 10]; as an impermissible shotgun pleading; and for failure to state a claim. Moreover, as a result of Plaintiff's non-compliance with the undersigned's previous Order to Amend, the undersigned further recommends that this case be DISMISSED WITHOUT PREJUDICE.

## STANDARD OF REVIEW

Under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A of the Prison Litigation Reform Act ("PLRA"), a complaint must be dismissed if the court determines that it is frivolous or malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. "To avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). "To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law." Id. (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)). When reviewing the complaint, the court accepts the allegations made as true. See Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Factual allegations are frivolous for purpose of § 1915(d) [now section 1915(e)(2)(B)(i)] when they are clearly baseless; legal theories are frivolous when they are indisputably meritless." Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990) (internal quotation and citation omitted). A case is frivolous if it appears the plaintiff has little or no chance of success. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Dismissal for failure to state a claim is based on the same standard under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490

2

(11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 740 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017)).

"Complaints filed by *pro se* prisoners are held to less stringent standards than formal pleadings drafted by lawyers." Ramdial v. Humana Inc., No. 20-CV-00516, 2020 WL 7754000, at *2 (N.D. Fla. 2020) (alterations and internal quotation marks omitted) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). While a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." Ramdial, 2020 WL 7754000, at *2 (alterations and internal quotation marks omitted) (citing Haines, 404 U.S. at 520). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff's Second Amended Complaint incorporates the entirety of the statement of facts from his previous pleading ("Amended Complaint") [D.E. 5]. See Second Amended Complaint [D.E. 12 at 8]; Amended Complaint [D.E. 5 at 5-14].

**A. Statement of Facts from Plaintiff's Previous Amended Complaint [D.E. 5]**

Plaintiff's previous pleading is lengthy and rambling. According to the Plaintiff, he was twice assigned to work in the kitchen at South Florida Reception Center, first in August 2018, and again in September 2020. Id. 3. Each time, Plaintiff filed numerous internal grievances due to his

3

back pain and sciatica.[1]  After his first kitchen assignment in 2018, Plaintiff was reassigned to work as a "houseman" after he obtained a restricted activity medical pass from Dr. Marius the following month, which indicated that he should not be subject to repetitive bending or heavy lifting greater than 15 pounds.  Id. at 5-6.  After he was assigned to work in the kitchen a second time in 2020, Plaintiff again obtained a restricted activity medical pass the following month, which indicated that he should not be subject to repetitive bending or heavy lifting over 15 pounds, or to prolonged standing over 10 minutes.  Id. at 11.  Plaintiff was then reassigned from working in the kitchen dish room to working in the dining room to accommodate his medical pass restrictions.  Id. at 12-13.  Plaintiff alleges that working in the dining room required repetitive bending and caused his back pain and sciatica to worsen.  Id. at 14.  Plaintiff also alleges that working in the dining room violated his constitutional rights because he had previously been reassigned to the position of "houseman" based on his medical restrictions, but this time Defendants refused to do the same.

### B. Plaintiff's Second Amended Complaint [D.E. 12]

Plaintiff's Second Amendment proports to bring a class action on behalf of similarly situated prisoners, adds several Defendants based on a theory of supervisory liability, and joins two doctors as Defendants for claims arising out of unrelated occurrences.

Plaintiff makes the following new allegations in the Second Amended Complaint:

---

[1] Plaintiff alleges that he has the following medical condition: "Years ago as a free man, Plaintiff was experiencing severe chronic lower-back pain, and was provided with diagnostic imaging (MRI) by the Veterans Administration and was determined to have an injury consisting of herniated and bulging discs in the lumber region of his spine, and sciatica, which is associated with extreme pain and leads to degeneration."  See Amended Complaint [D.E. 5 at 5].  Plaintiff further alleges that he was prescribed physical therapy and Tylenol for pain, and was provided with a strap-on lower back pillow.  Id.

On November 15, 2019, Dr. Marius provided Plaintiff with diagnostic imaging and told Plaintiff his spine was arthritic and that the hernia he had developed would not get better, but would worsen, and required surgery. See Second Amended Complaint [D.E. 12 at 17]. Plaintiff alleges that "[t]he pain from the hernia when it pushes out is severe, and causes Plaintiff to bend over, and he is unable to walk without discomfort." Id. Plaintiff claims he had to wait for over a year to see Dr. Marius and was never put on a callout to see the doctor at medical. Id. According to Plaintiff, Dr. Marius did not provide Plaintiff with surgery or a second replacement mattress. Id. at 18.

On February 24, 2021, Dr. Papillon examined Plaintiff's lower abdomen and determined there was no need to provide surgery for his hernia. Id. at 21. Plaintiff alleges that the pain from the hernia and herniated and bulging disc is severe and causes Plaintiff pain, discomfort, and insomnia. Id. Plaintiff claims he had to wait over a year to see Dr. Papillon, and that Dr. Papillon did not examine Plaintiff's spine or provide him with a second mattress or pain medication. Id. at 21-22.

Based on these allegations, Plaintiff asserts the following claims pursuant to 42 U.S.C. 1983 (hereafter, "Section 1983" or "§ 1983"):

- First Cause of Action: Secretary Inch "violated Plaintiff's and other similarly situated prisoners' First Amendment right to free speech, Eighth Amendment right against cruel and unusual punishment, and Fourteenth Amendment due process right, when Defendant created a 'policy and custom' of assigning elderly men over 65 years of age to unfit food service job programs." Id. at 13. Secretary Inch failed to supervise and train the other Defendants. Id.

- Second Cause of Action: Warden Acosta "violated the Plaintiff and other similarly situated prisoners' First Amendment right to free speech, Eighth Amendment right against cruel and unusual punishment, and Fourteenth Amendment right to due process, when he implemented the policy . . . endorsed by [Secretary Inch] as retaliation against Plaintiff by having him assigned to the kitchen dish room." Id. at 14-15.  Warden Acosta acted with deliberate indifference to his serious medical needs by interfering with his medical treatment prescribed by a doctor.  Id. at 15.

- Third Cause of Action: Officer Veargis "violated Plaintiff's Eighth Amendment right against cruel and unusual punishment, deliberate indifference and Fourteenth Amendment right to due process" when she authorized his reassignment to work in the kitchen.  Id. at 16.

- Fourth Cause of Action: Dr. Marius violated Plaintiff's Eight Amendment right when he acted with deliberate indifference to a serious medical need during an examination on November 15, 2019, when he failed to schedule Plaintiff for surgery to repair his abdominal wall or authorize a second replacement mattress.  Id. at 17-18.

- Fifth Cause of Action: Officer Reyes Bivins "violated Plaintiff's First Amendment right to speech and Fourteenth Amendment right to due process when she retaliated against Plaintiff and ordered [that] he be assigned to the kitchen." Id. at 18-19.

- Sixth Cause of Action: Defendant Tejada "violated Plaintiff's First Amendment right to speech and Fourteenth Amendment right to due process when she retaliated against Plaintiff and assigned him to the kitchen dishroom." Id. at 19-20.

➢ Seventh Cause of Action: Dr. Papillon violated Plaintiff's Eighth Amendment right against deliberate indifference to a serious medical need when he failed to schedule plaintiff for surgery or authorize a second mattress or pain medication. Id. at 21-22.

**C. Plaintiff's Request for Relief**

Plaintiff again seeks "the relief sought in his November 24, 2020 Amended Complaint including injunctive relief and relief from being placed at a transgender and gay institution as further retaliation in violation of PREA and Plaintiff's religion." See Second Amended Complaint [D.E. 12 at 11].

## DISCUSSION

Although complaints filed by *pro se* prisoners are held to less stringent standards than formal pleadings drafted by lawyers, that leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." Shuler v. Ingram & Assocs., 441 F. App'x 712, 716 n.3 (11th Cir. 2011); Golfin v. Sec'y for Dep't of Corr., 276 F. App'x 908, 908 (11th Cir. 2008) ("[W]e will not act as de facto counsel for a pro se litigant.").

The Second Amended Complaint should be dismissed because: (1) Plaintiff was afforded the opportunity to amend to cure the deficiencies identified in the Order to Amend and failed to do so; (2) Plaintiff has filed an impermissible shotgun pleading; and (3) Plaintiff has failed to state a claim upon which relief may be granted.

**A. Failure to Comply with the Order to Amend**

In the previously issued Order to Amend, the undersigned informed Plaintiff that his pleading was a shotgun pleading because it failed to comply with Rule 10 of the Federal Rules of Civil Procedure, which provides that "[a] party must state its claims…in numbered paragraphs, each limited as far as practicable to a single set of circumstances[;]" and that "each claim founded

7

on a separate transaction or occurrence…must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).  The undersigned ordered Plaintiff to amend his pleading to correct these deficiencies and warned Plaintiff that shotgun pleadings were impermissible.  See Order to Amend [D.E. 10 at 3-4].  The Order to Amend stated that "any amendment supersedes previous allegations", and the Court "will only consider claims raised in the amended pleading." Id. at 2-3.  The Order to Amend further stated that, "[c]onsistent with the purpose of Fed. R. Civ. P. 8, Plaintiff is granted leave to file an amended complaint not to exceed twenty pages in length." Id. at 6.

In the Order to Amend, the undersigned also informed Plaintiff that, because he is no longer incarcerated at South Florida Reception Center, he is not entitled to declaratory or injunctive relief.[2]  Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) ("[A]n inmate's claim for injunctive and declaratory relief in a [S]ection 1983 action fails to present a case or controversy once the inmate has been transferred.") (quoting Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985)).  However, Plaintiff's Second Amended Complaint continues to seek the same injunctive relief.  See Amended Complaint [D.E. 5 at 19-20]; Second Amended Complaint [D.E. 12 at 11].  Moreover, Plaintiff now seeks a new form of "relief from being placed at a transgender and gay institution as further retaliation in violation of PREA and Plaintiff's religion," offering no factual or cognizable legal basis for such request.  See Second Amended Complaint [D.E. 12 at 11].

Plaintiff's Second Amended Complaint also fails to comply with the Order to Amend in that: it is 30 pages in length as opposed to the 20 page allowance; impermissibly incorporates the entire statement of facts from his previous pleading by reference; and again sets forth multiple

---

[2] On February 12, 2021, Plaintiff filed a Notice of Address Change, informing the Court that he had been transferred from South Florida Reception Center to Dade Correctional Institution.  See Notice of Address Change [D.E. 8 at 1].

8

causes of action in each count in shotgun pleading fashion. Plaintiff was warned that he would have "*one opportunity* to file an amended pleading" and "failure to file the amended complaint on time and in compliance with this Court's orders will result in dismissal of this case." See Order to Amend [D.E. 10 at 5, 6].

Therefore, the Second Amended Complaint is subject to dismissal for failure to comply with the Order to Amend.

### B. Impermissible Shotgun Pleading

Plaintiff's Second Amended Complaint is vague and conclusory and fails to comply with the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 8, Plaintiff is required to file a pleading containing a "short and plain statement of a claim for relief. Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1321 (citations omitted).

Shotgun pleadings are disfavored in this Circuit. See Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1125 n.2 (11th Cir. 2014) (citing twenty-one published opinions condemning shotgun pleadings). This is because "[e]xperience teaches us that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer

justice." Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996).

Plaintiff's Second Amended Complaint is a classic example of a shotgun pleading because it is "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts." Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996). Each count pleads multiple theories of recovery, making it impossible to discern what Plaintiff is alleging beyond the names of certain causes of action. Thus, it is "virtually impossible to know which allegations of fact are intended to support which claims for relief." Weiland, 792 F.3d at 1325 (quoting Anderson, 77 F.3d at 366) (emphasis in original). As a result, it would be unfair to require Defendants to respond to a pleading that fails to give them adequate notice to the claims made against them. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the dependent is liable for the misconduct alleged."). Therefore, Plaintiff's Second Amended Complaint is subject to dismissal as an impermissible shotgun pleading.

### C. Failure to State a Claim

Title 28, United States Code, Section 1915, which governs *in forma pauperis* proceedings, provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's allegations against Defendants are simply legal conclusions couched as factual allegations and are, therefore, not entitled to any presumption of truth. See Gunder's Auto Ctr. v. State Farm Mut. Auto. Ins. Co., 422 F. App'x 819, 821 (11th Cir. 2011)("[L]egal conclusions couched as factual allegations enjoy no presumption of truth and offer no support to the sufficiency of [a] complaint."); see also Vielma v. Gruler, 808 F. App'x 872, 884 n.10 (11th Cir. 2020) (a

complaint that "stitches together a hodge-podge of legal conclusions and constitutional buzzwords . . . [is] insufficient to plead a plausible claim").

First, Plaintiff claims that Defendants Secretary Inch, Supervisor Tejada, Officer Reyes-Bivins, Officer Veargis, and Officer Williams violated various constitutional rights when they assigned him to work in the kitchen and would not reassign him to his "houseman" position. As a prisoner, Plaintiff does not have a constitutional right not to work. See Holt v. Givens, 757 F. App'x 915, 922 (11th Cir. 2018) (holding that the Thirteenth Amendment's ban on involuntary servitude does not apply to work performed by prisoners). Even applying a liberal construction to his claim, Plaintiff has failed to establish a connection between the allegations in his complaint and any of the necessary elements of the various constitutional claims he purports to assert.

Next, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs. "To establish . . . deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (citation omitted).

Plaintiff alleges that Dr. Marius examined him on November 15, 2019 and Dr. Papillon examined him on February 24, 2021, and that neither doctor scheduled him for surgery. See Second Amended Complaint [D.E. 12 at 17, 20-21]. Plaintiff alleges that Dr. Marius provided him with diagnostic imaging and Dr. Papillon examined him and found that he did not need surgery. Id. These allegations show that Plaintiff did receive medical care. Plaintiff makes the

conclusory allegation that he had to wait over a year to see the doctors, but this is contradicted by his allegation that each time he was assigned to work in the kitchen, he was able to obtain a medical examination and a medical pass the following month. Thus, Plaintiff's allegations are too vague to support his claim of having a serious medical need and fail to rise to the level of deliberate indifference to a serious medical need.

Finally, Plaintiff cannot bring a class action on behalf of other prisoners. See Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (a *pro se* litigant cannot bring an action on behalf of his fellow inmates).

In summary, Plaintiff's allegations are far "too conclusory and vague to satisfy the pleading standards set forth in Twombly and Iqbal." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 716 (11th Cir. 2013). Therefore, the Second Amended Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Second Amended Complaint [D.E. 12] be DISMISSED. Moreover, due to Plaintiff's failure to comply with the undersigned's Order to Amend, the undersigned further RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Donald M. Middlebrooks, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal

the district court's order based on unobjected-to factual and legal conclusions." <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this <u>7th</u> day of June, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies <u>via CM/ECF</u> to:

United States District Judge Donald M. Middlebrooks
Counsel of Record

Copies <u>via U.S. mail</u> to:

Jerry Means
J08714
Dade Correctional Institution
Inmate Mail
19000 SW 377th Street
Florida City, Florida 33034